IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSEPH JEROME DUPREE,**

      Plaintiff,

v.                                  Civil Action No. **3:25CV190 (RCY)**

**ROY WITHAM,** *et al.*,

      Defendants.

## MEMORANDUM OPINION

Plaintiff Joseph Jerome Dupree, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983.  The matter is now before the Court on Plaintiff's failure to timely serve Defendant T. Fleming, the only remaining Defendant facing pending claims in this action.

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had 90 days to serve Defendants. Here, that period commenced on December 2, 2025.  *See* ECF No. 23.  After more than 90 days elapsed and Plaintiff still had not served Defendant T. Fleming, the Court issued a Memorandum Order directing Plaintiff to show good cause for his failure to timely serve Defendant T. Fleming. ECF No. 36.  Plaintiff filed a response, stating that his "incarceration [did not] allow access to proper information for the Defendant to be served."  ECF No 37, at 1.  He further stated that "access to the law library [was] not offered often."  *Id.* (spelling and capitalization corrected).

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On April 7, 2026, the Court exercised its discretion to grant Plaintiff an additional thirty days in which to serve Defendant T. Fleming.  ECF No. 38.  The Court explicitly warned Plaintiff that his failure to either successfully serve Defendant T. Fleming or to provide an address at which the United States Marshals Service might effect service could "result in the dismissal without prejudice of any claim against Defendant T. Fleming."  *Id.* at 2.

More than thirty days have now passed since the Court extended Plaintiff's deadline to serve Defendant T. Fleming.  Plaintiff, though, has neither shown that Defendant T. Fleming has been served nor provided an address at which the United States Marshals Service can effect service.

As explained previously, district courts within the Fourth Circuit have found good cause to extend Rule 4(m)'s ninety-day service window when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant."  *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).  Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts.  *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W. Va. 1996)).  Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons, *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)).  However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause."  *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436,

2

437 (N.D.W. Va. 1992)).  While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause, *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Here, despite receiving an extension of time to do so, Plaintiff has not served or assisted the Court in facilitating service on Defendant T. Fleming.  In failing to file any notice or request for an additional extension of time, Plaintiff has clearly failed to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (cleaned up).  Although the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants, *see Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022), here, the Court is unpersuaded that the circumstances warrant an additional discretionary extension.  Accordingly, all claims against Defendant T. Fleming will be DISMISSED WITHOUT PREJUDICE.  And because T. Fleming is the last Defendant remaining in this action, the action, too, will be dismissed.  *See Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve [ ] defendants.").

An appropriate Final Order will accompany this Memorandum Opinion.

                                                 _____ /s/

                                                 Roderick C. Young

Date:   May 26, 2026                                 United States District Judge

Richmond, Virginia